UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80037-CIV-MARRA/LYNCH

KENNETH FAND,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.
_____/

FILED by ___ D.C.

AUG - 9 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S RESPONSE TO THIS COURT'S ORDER AND MOTION FOR ADDITIONAL TIME TO COMPLETE POSTREMAND PROCEEDINGS (DE 19)**

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, noting that Plaintiff has no objection to the requested enlargement of time, this Court recommends as follows:

    1. This is the second time that the Defendant has expressed need to correct the underlying administrative record. Mr. Baskerville, the official responsible for preparing the record, recalls in his Affidavit the case's procedural history to-date. First, as is now explained, the underlying decision on the Plaintiff's disability claim had "referenced exhibits that were not found in the record; there were exhibits that had not been marked; and the Exhibit List was inconsistent with the marked evidence of record." The District Court temporarily

remanded the case on October 29, 2009. It was over a month later when the Defendant's Appeals Council instructed the ALJ to undertake the necessary administrative proceedings.

2. Four months after that, on March 25, 2010, a Report of Contact was written, stating that neither the Plaintiff nor his recently hired counsel has the missing exhibits, although the Plaintiff did submit three items of new evidence. The ALJ thereafter dismissed the case, which the Defendant says was a procedurally incorrect action.

3. The Defendant now seeks additional time to "correct the record" and to "prepare a correct certified administrative record". This was the purpose of the first remand. The Defendant's request does not end there, however. Important for purposes of this ruling, he also seeks time to "return the case to a new ALJ for a new hearing and a final decision." The Defendant does not state how much additional time is needed, although he warrants that he will monitor the administrative proceedings and ensure that they are completed as quickly as possible.

4. This Court construes the Defendant's Motion as a request to maintain the status quo, i.e., to keep the present case open, while the administrative proceedings are pursued. Although neither party is requesting a complete remand, this Court believes that under the circumstances such is the most

practical course of action. First, the situation is more complicated that a simple organization of an existing record; the Defendant's request suggests the need for substantive changes and case development. Second, the Plaintiff should wait to seek judicial review until after there is a final decision on his claim and until he can present a closed administrative record. Third, the Plaintiff now has counsel, whereas he did not have the benefit of such help at the time of the first remand. Fourth, there are the practical case management problems, burdening both the parties and this Court, inherent in monitoring open-ended administrative proceedings. It would be far simpler if the entire case was remanded to the Defendant. The Plaintiff may prevail at the new hearing, obviating the need for judicial review. Or, if the Plaintiff does not prevail, he can seek judicial review of the new final decision and administrative record.

5.   Consequently this Court recommends that rather than a grant of additional time, the case be remanded in full, pursuant to Sentence Six of 42 U.S.C. § 405(g), and that the instant federal case be closed. In light of the age of the case — the Plaintiff's disability application was filed on March 1, 2004 — this Court trusts that the Defendant will complete all administrative proceedings as soon as is practical.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's unopposed Motion for Additional Time to

Complete Postremand Proceedings be **GRANTED, in part**. The Commissioner should be allowed to complete the necessary administrative proceedings. In order to accomplish this, this Court recommends further that the case be **REMANDED** in full to the Commissioner and that the instant federal case be **CLOSED**.

The parties shall have **fourteen (14) days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Kenneth A. Marra, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 9th day of August, 2010.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Kenneth A. Marra
    Stacey B. DeVeaux, Esq.
    Jeffrey W. Dickstein, AUSA